

**WILL HAVEMANN**
*Partner*
1101 New York Ave., N.W. | Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com | milbank.com

February 20, 2026

**By Electronic Filing**

Molly Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

      Re:    *KalshiEX LLC v. Hendrick, et al.*, No. 25-7516
             **Kalshi's Motion for a Stay Pending Appeal (Dkt. 17)**

Dear Ms. Dwyer:

      Kalshi writes to provide an update to the Court concerning Kalshi's pending motion for a stay pending appeal. On February 17, 2026, after rescinding their prior commitment not to initiate a state-court enforcement proceeding while this Court considers Kalshi's stay motion, Defendants initiated an enforcement proceeding against Kalshi in Nevada state court. Defendants also sought an *ex parte* TRO that, if granted, would prevent Kalshi from offering *all* event contracts in Nevada, not just the sports- and election-related contracts at issue in this appeal. Kalshi removed the action to the U.S. District Court for the District of Nevada, where it is now pending. *State of Nevada v. KalshiEX, LLC*, No. 2:26-cv-406 (D. Nev.).

      Defendants have moved to remand the action back to Nevada state court. At Defendants' request, the district court yesterday set an expedited briefing schedule and scheduled a hearing on the remand motion for Tuesday, February 24. Accordingly, the enforcement proceeding could be remanded to state court as early as Tuesday, in which case a Nevada state court could immediately issue an *ex parte* TRO prohibiting Kalshi from offering *all* event contracts in Nevada. This would be the only order not subject to a stay anywhere in the country barring Kalshi from offering *any* contracts, let alone *all* contracts, in a state.

      Though the Court previously denied Kalshi's motion for an administrative stay (Dkt. 69), Kalshi's motion for a stay pending appeal (Dkt. 17) remains pending. If the Court is inclined to act on Kalshi's stay motion, granting the motion by Tuesday, February 24, would prevent the Nevada state court from enforcing preempted state laws against Kalshi, which would subject Kalshi to irreparable harm for numerous reasons set forth in Kalshi's stay motion. *See* Dkt. 17, 28. Kalshi

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

respectfully maintains such relief is appropriate, particularly given the "serious questions" raised in this appeal, 1-ER-6, and the CFTC's recent filing confirming that the CEA's "exclusive jurisdiction" provision "preempts application of state gambling laws to event contracts trading on DCMs," CFTC Br. 21, *N. Am. Derivatives Exch. Inc. v. Nevada*, No. 25-7187 (9th Cir. Feb. 17, 2026).

Respectfully submitted,

/s/ William E. Havemann
William E. Havemann

*Counsel for Appellant KalshiEX LLC*

cc:    All Counsel (via ACMS)