No. 25-7187, 25-7831, 25-7516 (Consolidated)

# In The United States Court of Appeals
# for the Ninth Circuit

NORTH AMERICAN DERIVATIVES EXCHANGE, INC.
D / B / A CRYPTO.COM | DERIVATIVES NORTH AMERICA,
*Plaintiff-Appellant,*

v.

THE STATE OF NEVADA, ET AL.,
*Defendants-Appellees*,

NEVADA RESORT ASSOCIATION,
*Intervenor-Defendant-Appellee.*

_____

ROBINHOOD DERIVATIVES, LLC,
*Plaintiff - Appellant*,

v.

MIKE DREITZER, ET AL.,
*Defendants - Appellees*,

NEVADA RESORT ASSOCIATION,
*Intervenor – Defendant-Appellee.*

_____

KALSHIEX, LLC,
*Plaintiff-Appellant,*

v.

MIKE DREITZER, *et al.,*
*Defendants-Appellees.*

_____

On Appeal from the United States District Court
for the District of Nevada
Case Nos. 2:25-cv-00978, No. 2:25-cv-01541, 2:25-cv-575

**UNOPPOSED MOTION OF COMMODITY FUTURES TRADING COMMISSION, A FEDERAL GOVERNMENT AGENCY, FOR LEAVE PARTICIPATE IN ORAL ARGUMENT AS AMICUS CURIAE AND TO BE ALLOTTED 6 MINUTES OF ARGUMENT TIME**

Pursuant to Federal Rule of Appellate Procedure 29(a)(8), amicus curiae, the Commodity Futures Trading Commission ("CFTC" or "Commission"), respectfully moves for leave to participate in oral argument in these consolidated matters. The CFTC filed an amicus brief in the lead appeal, No. 25-7187, in support of Appellant North American Derivatives Exchange, Inc. d/b/a Crypto.com. *See* No. 25-7187, DE 38, 43. On February 26, 2026, this Court ordered that oral argument should be consolidated, and the respective Appellants in Case Nos. 25-7187, 25-7516, 25-7831 shall share 45 minutes' argument time, while the Appellees shall share 30 minutes. The CFTC respectfully asks the Court to allow it to use 6 minutes of the 45 minutes allocated to the Appellants.

Counsel for the CFTC has conferred with counsel for the parties. Appellants do not oppose the CFTC's request to use 6 minutes of the total 45 minutes allotted for Appellants' argument. The State Defendants and Nevada Resort Association also do not oppose.

The CFTC is the federal agency charged with administering and enforcing the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1-26. The CEA provides the framework for the regulation of commodity futures, options, and swaps markets in the United States. This appeal presents important questions

1

about the scope and applicability of the CEA, specifically, whether states can regulate, license, or ban trading on CFTC-registered Designated Contract Markets where the CEA grants "exclusive jurisdiction" to the CFTC to oversee the operators of, and participants on, these markets. The Court must determine whether state law may be applied to regulate financial instruments that trade on the markets regulated by the CFTC. The CFTC has a substantial interest in presenting its view of the proper interpretation of the scope of its exclusive jurisdiction and the correct application of the CEA's statutory definition of a swap. The CFTC seeks to offer its views to assist the Court in resolving these important questions by participating in oral argument.

Accordingly, the CFTC respectfully requests that this Court grant its motion for leave to participate in oral argument and to allot 6 minutes of time, to be taken from the 45 minutes collectively awarded to the Appellants.

Dated: March 3, 2026   Respectfully Submitted,

Anne W. Stukes
D.C. Bar 469446
Tyler S. Badgley, *General Counsel*
Anne W. Stukes, *Acting Deputy General Counsel*
Carlin Metzger, *Assistant General Counsel*
Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
(202) 418-5127

2

**CERTIFICATE OF SERVICE**

I certify that on March 3, 2026, I electronically filed this Motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system. I certify that all participants in the case are registered ACMS users and that service will be accomplished by the ACMS system.

/s/ Anne W. Stukes

**CERTIFICATE OF COMPLIANCE TYPE-VOLUME LIMITATIONS**

I hereby certify that the foregoing document complies with the type limitations set in Fed. R. App. P. 27(d)(E) and 32(a)(5) and (6) because it is in Times New Roman 14-point type. I further certify that this motion complies with the volume limitations of Fed. R. App. P. 27(d)(2) because it contains 387 words, as counted by the word processing software Microsoft Word.

/s/ Anne W. Stukes