<table>
<tr><td>CRAIG A. NEWBY<br><em>First Assistant Attorney General</em></td><td><strong>AARON D. FORD</strong><br><em>Attorney General</em></td><td>LESLIE NINO PIRO<br><em>General Counsel</em></td></tr>
<tr><td>CHRISTINE JONES BRADY<br><em>Assistant Attorney General</em></td><td></td><td>HEIDI PARRY STERN<br><em>Solicitor General</em></td></tr>
</table>



STATE OF NEVADA

OFFICE OF THE ATTORNEY GENERAL

1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119

April 8, 2026

Via ECF

Molly Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re:     *North American Derivatives Exchange, Inc. v. State of Nevada*, No. 25-7187
        *Robinhood Derivatives, LLC v. Dreitzer*, No. 25-7831
        *KalshiEX, LLC v. Hendrick*, 9th Cir. No. 25-7516

Dear Ms. Dwyer:

I write to inform the Court of recent developments in *State of Nevada ex rel. Nevada Gaming Control Board v. KalshiEX, LLC*, No. 26 OC 00050 1B (Nev. 1st Jud. Dist.), which is the state-court enforcement action that the Nevada Gaming Control Board (Board) brought against Kalshi, the plaintiff in No. 25-7516.  *See* 25-7516 Dkt. 71.1.

On March 20, 2026, the state court entered a temporary restraining order (TRO) prohibiting Kalshi from offering sports-, elections-, and entertainment-related event contracts in Nevada (attached).  The court found that the Board is likely to succeed in showing that Kalshi violates Nevada gaming law.  Op. 2-4.  On the preemption issue, the court found the reasoning of the district court below "persuasive" and concluded that the CEA, "fairly interpreted, does not vest exclusive jurisdiction over KALSHI event contracts with the CFTC."  *Id.* at 4.  The court also found that the balance of the equities favors the Board because the Board and the public suffer "immediate, irreparable harm" from Kalshi's unlicensed and unregulated operations.  *Id.* at 5.

Molly Dwyer, Clerk of Court
Page 2
April 8, 2026


On April 3, 2026, the state court orally granted the Board's motion for a pre-liminary injunction. The court reaffirmed that the Board is likely to succeed on the merits and that the balance of equities favors the Board. The court's written decision is forthcoming.

The state court's decisions support the district court's decision on the merits and its assessment of the balance of equities.


      Respectfully,

      */s/ Jessica E. Whelan*
      Jessica E. Whelan
      Chief Deputy Solicitor General—Litigation
      (702) 486-3420
      jwhelan@ag.nv.gov



Case: 25-7516, 04/08/2026, DktEntry: 152.1, Page 7 of 9



