SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C. 20005-2111

———

TEL: (202) 371-7000

FAX: (202) 393-5760

www.skadden.com

DIRECT DIAL

202-371-7370

EMAIL ADDRESS

SHAY.DVORETZKY@SKADDEN.COM

FIRM/AFFILIATE OFFICES

————

BOSTON

CHICAGO

HOUSTON

LOS ANGELES

NEW YORK

PALO ALTO

WILMINGTON

————

ABU DHABI

BEIJING

BRUSSELS

FRANKFURT

HONG KONG

LONDON

MUNICH

PARIS

SÃO PAULO

SEOUL

SINGAPORE

TOKYO

TORONTO

April 8, 2026

Molly C. Dwyer

Clerk of Court

U.S. Court of Appeals for the Ninth Circuit

James R. Browning Courthouse

95 Seventh Street

San Francisco, CA 94103

RE:   *North American Derivatives Exchange, Inc. v. State of Nevada, et al.*, No. 25-7187; *KalshiEX, LLC v. Assad, et al.*, No. 25-7516; *Robinhood Derivatives, LLC v. Dreitzer, et al.*, No. 25-7831: Response to Nevada's Federal Rule of Appellate Procedure 28(j) letter regarding *State of Nevada ex rel. Nevada Gaming Control Board v. Coinbase Financial Markets, Inc.*, No. 26 0C 00030 1B (Nev. 1st Jud. Dist. Ct. Mar. 26, 2026) (Op.)

Dear Ms. Dwyer:

Nevada points to a Nevada trial court decision preliminarily enjoining Coinbase from offering sports-event contracts. That decision contains no reasoning on the preemption issue, and its analysis of the other preliminary-injunction factors turns on its incorrect and unexplained merits assessment.

*First*, *Coinbase* didn't analyze whether the Commodity Exchange Act (CEA) preempts Nevada's gaming laws as applied to sports-event contracts. The court merely tallied up district court decisions going one way or the other and declared that "[t]he [District of Nevada's] reasoning is persuasive." Op. 4-5. That unexplained contention lacks merit. The CEA preempts state gaming laws as applied to sports-event contracts. CDNA Br. 37-67;

Reply 4-33. Indeed, the only federal appellate court to address the question agrees that the CEA preempts state laws as applied to sports-event contracts trading on federally regulated exchanges. *KalshiEX, LLC v. Flaherty*, No. 25-1922, 2026 WL 924004, at *2-6 (3d Cir. April 6, 2026) (collecting cases). There, the Third Circuit likewise noted diverging district court decisions, *id.* at *6 n.6, but correctly recognized that counting trial court decisions doesn't substitute for proper statutory interpretation.

*Second*, Nevada claims that *Coinbase* shows that a preliminary injunction would immediately and irreparably harm "the State, its gaming industry, and the public," and that the balance of hardships and the public interest disfavor an injunction. Letter 2. In Nevada's view, allowing sports-event contracts to trade on DCMs subject to the CFTC's exclusive jurisdiction prevents the state from maintaining the integrity of the gaming industry. Those arguments lack merit.

CDNA—not Nevada—faces irreparable harm because Nevada has threatened it "with civil and criminal penalties" and it faces "economic and reputational harm, including loss of business and goodwill." *KalshiEX*, 2026 WL 924004, at *6. As for the balance-of-equities and public-interest factors, the CEA preempts Nevada gaming laws as applied to sports-event contracts, so "the public interest is best served by enforcing the Act." *Id.* at *7. Because CDNA "has shown likelihood of success on its argument that the CFTC's exclusive jurisdiction over DCMs preempts [Nevada] gambling laws," "the public interest factors" weigh in favor of a preliminary injunction. *Id.*

Respectfully submitted,

*/s/ Shay Dvoretzky*

Shay Dvoretzky

*Counsel for Plaintiff-Appellant
North American Derivatives
Exchange, Inc. d/b/a Crypto.com |
Derivatives North America*

## CERTIFICATE OF COMPLIANCE

I hereby certify that (1) this letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because, as calculated by Microsoft Word, its body contains 348 words, and (2) this letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Book Antiqua font.

Dated: April 8, 2026          */s/ Shay Dvoretzky*

Shay Dvoretzky

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2026, I electronically filed the foregoing document with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system. I certify that all participants in the case are registered ACMS users and that service will be accomplished by the ACMS system.

Dated: April 8, 2026          */s/ Shay Dvoretzky*

Shay Dvoretzky