

**WILL HAVEMANN**
*Partner*
1101 New York Ave., N.W. | Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com | milbank.com

April 9, 2026

**By Electronic Filing**

Molly Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

> **Re:** ***KalshiEX LLC v. Assad, et al.***, No. 25-7516
> **FRAP 28(j) Letter Response**

Dear Ms. Dwyer:

Neither the Nevada state court's TRO decision against Kalshi, nor its preliminary-injunction decision against Coinbase, supports affirmance.

In finding that Defendants are likely to succeed, the court provided little analysis apart from a citation to the *Hendrick* dissolution decision. *See* KalshiTRO3-4; CoinbasePI4-5. But for the reasons Kalshi has explained, the CEA preempts Nevada gaming law as applied to on-DCM trading. The only court of appeals to consider the question agrees. *KalshiEX LLC v. Flaherty*, 2026 WL 924004, at *2-5 (3d Cir. Apr. 6, 2026) (the CEA preempts "state laws that directly interfere with swaps traded on DCMs," including Kalshi's sports-event contracts, which "fit comfortably" within the "swap" definition).

In granting a TRO against Kalshi, the court spoke generally of "injuries" to Defendants, and it did not explain why any harm is irreparable. *See* KalshiTRO5. With respect to Coinbase, the court declared that Defendants must "enforce … compliance among all industry participants" and protect "gaming consumers." CoinbasePI5. That does not amount to irreparable harm in either case. As Kalshi has explained, OpeningBr.66, Defendants have no interest in enforcing preempted law. *See Arizona Dream Act Coal. v. Brewer,* 757 F.3d 1053, 1069 (9th Cir. 2014). And the court identified no negative consequences that have resulted from the CFTC serving as Kalshi and Coinbase's exclusive regulator. *See* KalshiTRO5; CoinbasePI5-6.

The court's finding that the equites favored injunctive relief was similarly erroneous. KalshiTRO5; CoinbasePI6. Blessing a violation of the Supremacy Clause does not serve the

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

public interest. *See United States U. California,* 921 F.3d 865, 894 (9th Cir. 2019) ("preventing a violation of the Supremacy Clause serves the public interest."). And Kalshi has and will continue to suffer numerous irreparable harms from shuttering its operations in Nevada, OpeningBr.63-65, which the court overlooked in granting a TRO, KalshiTRO5. That is precisely the kind of "total chaos" Congress sought to avoid in the CEA. *Am. Agric. Movement, Inc. v. Bd. of Trade of Chi.*, 977 F.2d 1147, 1155-56 (7th Cir. 1992).

Respectfully submitted,

/s/ William E. Havemann
William E. Havemann

*Counsel for Appellant KalshiEX LLC*

cc:     All Counsel (via ACMS)
        Word Count: 325