

June 30, 2026

**<u>Via ACMS</u>**

Ms. Molly Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94119-3939

> Re:   *N. Am. Derivatives Exch. Inc. v. Nevada*, 9th Cir. No. 25-7187
> *KalshiEX, LLC v. Assad*, 9th Cir. No. 25-7516
> *Robinhood Derivatives, LLC v. Dreitzer*, 9th Cir. No. 25-7831

Dear Ms. Dwyer:

Nevada informed this Court of *QCX LLC v. Nessel*, No. 1:26-cv-710 (W.D. Mich. June 17, 2026) (ECF 41), which denied a prediction market operator's preliminary injunction motion. Intervenor-Defendant-Appellee Nevada Resort Association submits this response to underscore the *QCX* court's well-reasoned analysis of 7 U.S.C. § 2(e).

Section 2(e) makes it "unlawful for any person, other than an eligible contract participant, to enter into a swap unless the swap is entered into on, or subject to the rules of, a board of trade designated as a contract market." 7 U.S.C. § 2(e). If Plaintiffs are correct that their sports bets qualify as "swaps," section 2(e) requires *all* sports bets to be traded on designated contract markets (DCMs). NRA Crypto.com Br. 42. Plaintiffs have resisted the logical implications of their position, e.g., existing sports books would violate the CEA, arguing traditional sports bets are not "swaps" because they are not traded on DCMs. Crypto.com Br. 61.

The *QCX* court rejected that argument. It explained that, for section 2(e) "to make any sense, swaps must be identifiable as swaps without regard to whether they were traded on a designated market." *QCX* at 21. Plaintiffs cannot manufacture a distinction between "swaps" and traditional sports bets based solely on whether a bet is traded on a DCM. "[T]he definition of swap cannot turn on whether the transaction occurred on a designated market" as Plaintiffs' interpretation "either produces the absurd result of forcing broad swaths of ordinary transactions onto designated markets through § 2(e)," or Plaintiffs' "preemption theory falls apart because excluding those other ordinary transactions excludes [Plaintiffs'] sports betting products as well." *Id.* If "being traded on a designated market causes something to be a swap when it otherwise would not have been," *id.*, then section 2(e)'s prohibition on *off-market* swaps makes no sense.

mcdonaldcarano.com

100 West Liberty Street • Tenth Floor • Reno, Nevada 90501 • **P**: 775.788.2000
2300 West Sahara Avenue • Suite 1200 • Las Vegas, Nevada 89102 • **P**: 702.873.4100


MERITAS®
LAW FIRMS WORLDWIDE



The *QCX* court's reasoning also tracks section 2(e)'s broader purpose: to ensure federal oversight of swaps that pose systemic risk to the financial system. NRA Crypto.com Br. 58-59. Creating artificial risk by offering a market on the number of corner kicks in a game does not match that purpose.

Respectfully submitted,

*/s/ Adam Hosmer-Henner*

Adam Hosmer-Henner

*Counsel for Intervenor-Defendant-Appellee Nevada Resort Association*

cc:     Counsel of Record (via ACMS)