

# Milbank

**WILL HAVEMANN**
*Partner*
1101 New York Ave., N.W.  |  Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com  |  milbank.com

July 13, 2026

**By Electronic Filing**

Molly Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

>     **Re:**  *KalshiEX LLC v. Assad, et al.*, No. 25-7516
>             **FRAP 28(j) Letter Response**

Dear Ms. Dwyer:

Neither *Williams* nor *Blockratize* supports affirmance.

The *Williams* court wrongly concluded that the CEA lets states regulate DCM-traded swaps. It cited a "presumption against preemption," Op.11, ignoring that where, as here, a "statute contains an express pre-emption clause," courts "do not invoke any presumption against pre-emption but instead focus on the [clause's] plain wording," *Puerto Rico v. Franklin Cal. Tax-Free Tr.* 579 U.S. 115, 125 (2016) (citation omitted). It also overlooked that "*interstate* gambling isn't a traditional area of state regulation," so "the presumption … doesn't apply." *Churchill Downs Tech. Initiatives Co. v. Mich. Gaming Control Bd.*, 162 F.4th 631, 641 n.5 (6th Cir. 2025).

*Williams* also misread the CEA's text. The court "assume[d]" Kalshi's contracts are "swaps" and agreed the CEA's text "is clear … that Congress intended for the CFTC to have exclusive jurisdiction over swap transactions on DCMs." Op.11. Rather than end the inquiry there, however, the court invoked Section 2(a)'s savings clause, which preserves some state authority. Op.13. But the court ignored the critical proviso making clear the clause applies only "[e]xcept as hereinabove provided" by the CFTC's exclusive jurisdiction over on-DCM trading. 7 U.S.C. § 2(a)(1)(A). The court also read express-preemption provisions in Section 16 as defining "Congress' intended scope of preemption under the CEA." Op.14; *see* 7 U.S.C. §§ 16(e)(2), (h). But those provisions preempt state law as to *off-DCM* transactions, leaving the CFTC's "exclusive jurisdiction" over *on-DCM* transactions unaffected. 7 U.S.C. § 2(a)(1)(A).

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

The court acknowledged that "[t]he CFTC holds the authority to determine whether a contract is legal." Op.18. But that should have ended the inquiry, because CFTC *has* determined that Kalshi's contracts are legal, explaining that many sports-event contracts "can be operated consistent with the public interest," *Prediction Markets*, 91 Fed. Reg. 35,806, 35,836 (June 12, 2026), and that states' attempts to regulate sports-event contracts—like Nevada's here—"invade the CFTC's exclusive jurisdiction." CFTC Br.2.

*Blockratize* is likewise unpersuasive. That court's analysis of whether sports-event contracts are swaps spanned one page and rested on a conclusory statement that the decisions below—on appeal in this Court—are "persuasive." Op.4.

Respectfully submitted,

/s/ William E. Havemann
William E. Havemann

*Counsel for Appellant KalshiEX LLC*


cc:      All Counsel (via ACMS)
           Word Count: 348