

**WILL HAVEMANN**
*Partner*
1101 New York Ave., N.W. | Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com | milbank.com

August 11, 2026

**By Electronic Filing**

Molly Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

> **Re:** *KalshiEX LLC v. Assad, et al.*, No. 25-7516
> **FRAP 28(j) Letter Response**

Dear Ms. Dwyer:

*Wisconsin* and *Cox* do not support affirmance.

Swaps: *Wisconsin* erred in holding sports-event contracts are not swaps. The court did not dispute that the broad language in the CEA's "swap" definition naturally captured sports-event contracts. But, concerned about policy implications of the definition's "breadth," the court imposed an extratextual requirement that swaps "directly affect commodity prices." *Wisconsin* Op.19-20 (emphasis omitted); *contra* 7 U.S.C. § 1a(47)(A)(ii) (not referencing commodity prices). The court's policy concerns were ill-founded. Preemption does not cover off-DCM transactions, supplying "a limiting principle" for preemption under the CEA. *KalshiEX LLC v. Flaherty*, 172 F.4th 220, 229 (3d Cir. 2026). And the CFTC can "delist" products "that have only attenuated connection to the purposes of the CEA," *Wisconsin* Op.21 (citation omitted), and has proposed a detailed regulation to govern sports-event contracts, *see* Prediction Markets, 91 Fed. Reg. 35,806, 35,835-37 (June 12, 2026).

Preemption: Both decisions erred in finding no preemption. They ignored that a federal statute's grant of " 'exclusive' " " 'jurisdiction' " to an agency means "the matters regulated by the [statute] cannot be regulated by the States." *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 233-234 (1947). *Cox* misread Section 2(a)(1)(A)'s savings clause, ignoring that it applies only "[e]xcept as hereinabove provided" by the grant of exclusive jurisdiction to the CFTC. 7 U.S.C. § 2(a)(1)(A); *Cox* Op.17 (omitting that proviso). Under the courts' illogical construction, states may regulate on-DCM transactions under the CFTC's exclusive jurisdiction, but not off-DCM excluded transactions. *Wisconsin* Op.22 (citing 7 U.S.C. § 16(e)(2)); *Cox* Op.15 (same). They

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

also misread the Special Rule and 17 C.F.R. § 40.11 to let states prohibit certain contracts, *Wisconsin* Op.25; *Cox* Op.13, even though they let only the CFTC decide whether event contracts involving "unlawful" "activity" may trade, 7 U.S.C. § 7a-2(c)(5)(C)(i); 17 C.F.R. § 40.11. And while they recognized the CFTC's "impartial access" regulation as a non-discrimination provision, they interpreted it to permit geographic discrimination. *Wisconsin* Op.24-25; *Cox* Op.20-21.

Equities: *Wisconsin* is mistaken on the equities. "It's 'always in the public interest to prevent' constitutional violations." *Churchill Downs Tech. Initiatives Co. v. Mich. Gaming Control Bd.*, 162 F.4th 631, 642 (6th Cir. 2025) (citation omitted).

Respectfully submitted,

*/s/ William E. Havemann*
William E. Havemann

*Counsel for Appellant KalshiEX LLC*


cc:     All Counsel (via ACMS)
        Word Count: 350