No. 25-7516
(consolidated with Nos. 25-7187, 25-7831)

**IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

KALSHIEX, LLC,
*Plaintiff-Appellant,*

v.

GEORGE ASSAD, et al.,
*Defendants-Appellees,*

NEVADA RESORT ASSOCIATION,
*Intervenor-Defendant-Appellee.*

On Appeal from the United States District Court for the District of Nevada
No. 2:25-cv-00575-APG-BNW (Gordon, C.J.)

Decided August 28, 2026
Before: R. Nelson, Bade, and Lee, Circuit Judges

# MOTION OF COLIN SKOW FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF APPELLANT'S PETITION FOR PANEL REHEARING AND REHEARING EN BANC

Colin Skow
*Pro Se*
2629 Gallarate Dr.
Henderson, NV 89044
(909) 265-4681
colinskow@gmail.com

Colin Skow moves under Fed. R. App. P. 29(b)(2)–(3) and Circuit Rule 29-2(a)–(b) for leave to file the accompanying brief as amicus curiae in support of Appellant's petition for panel rehearing and rehearing en banc, filed September 9, 2026 (Dkt. 206). The proposed brief accompanies this motion. Fed. R. App. P. 29(a)(3); Cir. R. 29-2(b).

## I. MOVANT'S INTEREST

Movant is a Nevada citizen and professional quantitative trader. Since September 2025 he has devoted more than 1,600 hours to developing, refining, and backtesting algorithmic trading systems built exclusively for sports event contracts on Appellant's designated contract market. Since March 20, 2026, a Nevada state-court order that Appellees obtained in a proceeding to which he is not a party has excluded him from those contracts. He was locked out before his systems were ready and has never placed a trade.

The statute the panel construed grants the Commission exclusive jurisdiction "with respect to accounts, agreements . . . and transactions" on a designated contract market. 7 U.S.C. § 2(a)(1)(A). Movant holds such an account. He is a member of the class the statute names first, and a class the panel's equities analysis did not consider: that analysis addressed the exchange's choices alone. Op. 45–46.

Movant holds no financial interest in Appellant and is not represented by any party. He is not a lawyer and proceeds pro se. No party's counsel authored the proposed brief in whole or in part, and no

person other than Movant contributed money intended to fund preparing or submitting it.

## II. WHY AN AMICUS BRIEF IS DESIRABLE AND WHY THE MATTERS ASSERTED ARE RELEVANT TO THE DISPOSITION

**A. The post-disposition deliberations involve novel and particularly complex issues.** Leave at this stage is appropriate "when the post-disposition deliberations involve novel or particularly complex issues." Cir. Adv. Comm. Note to R. 29-2. They do here, on the panel's own account. The opinion is published. It acknowledges that other district courts ruling on the same question had come "to opposite conclusions," Op. 15, and it departs from the Third Circuit on both the definition of "swap" and the effect of 17 C.F.R. § 40.11. Op. 32, 35; *see KalshiEX, LLC v. Flaherty*, 172 F.4th 220 (3d Cir. 2026). The concurring judge wrote that "reasonable people may disagree with these interpretations," Op. 49, and called the Special Rule question "thorny." Op. 50. And the panel resolved "competing, legitimate interpretations" of the definition, Op. 41, under the major questions doctrine, Op. 37–41, in a case in which, by its own findings, no agency exercised any power. Op. 19, 35, 36. Whether that doctrine may be used to construe an

express preemption clause in litigation between a private party and a State is a question that reaches well beyond prediction markets.

**B. The proposed brief does not repeat the petition.** Amici "should not repeat arguments or factual statements made by the parties." Cir. Adv. Comm. Note to R. 29-1. The brief leaves to the petition the circuit split, the Commission's case-by-case practice under § 40.11(c), the hedging record, and tradability. Pet. 10–17. It answers, in order, the four grounds the panel stated for its holding, Op. 47, with six arguments the petition does not make:

1. **The unconstrued terms.** Section 1a(47)(A)(ii) has five operative terms. The panel construed "event" and "occurrence." The petition never quotes "contingency," "nonoccurrence," or "the extent of the occurrence," and does not answer the panel's surplusage point under *Yates v. United States*, 574 U.S. 528 (2015). Op. 25. The brief does both, from the grammar of the clause. Brief Part I.

2. **The listing rule and the definition.** The rule the concurrence treated as controlling, Op. 50, and the majority used to answer the Special Rule argument, Op. 33, governs what a registered entity may list and what the Commission may review. It does not define

"swap," a term Congress assigned the two Commissions to define jointly, 15 U.S.C. § 8302(d)(1); it reaches only contracts "based upon an excluded commodity, as defined in Section 1a(19)(iv)," Op. 34, and so presupposes coverage; and the panel's own life-insurance hypothetical, Op. 36, turns on the definition, not the listing. The petition argues that the panel misread § 40.11 and that the rule is about to be replaced, Pet. 7, 11; it does not argue that a listing rule cannot decide a question that turns on § 1a(47). Brief Part II.

3. **The limiting principle.** The Act has always drawn its line at the venue: the same instrument is a federally regulated contract on a designated market and a federal violation off it, 7 U.S.C. §§ 2(e), 6(a), and Congress preserved state law off-exchange in terms, § 16(e)(1)(B)(i). The panel's own weather-swap concession, Op. 44, shows that its "every Caesars bettor" objection does not discriminate. Appellant answers that objection by arguing that off-exchange bets are not swaps, Pet. 17; the brief's answer is different and cumulative. Brief Part III.

4. **The major questions doctrine and the presumption.** The panel excluded the presumption against preemption, Op. 20–22, then resolved the definition for the State because gambling is a field of historic state regulation. Op. 38–41. The brief shows that this readmits the presumption *Puerto Rico v. Franklin California Tax-Free Trust*, 579 U.S. 115 (2016), forbids and this Court excluded in *California Restaurant Ass'n v. City of Berkeley*, 89 F.4th 1094 (9th Cir. 2024), a conflict with the Supreme Court and with circuit precedent under Fed. R. App. P. 40(b)(2)(A)–(B) that the petition does not invoke. Brief Part IV.1–3.

5. **The Special Rule's legislative history.** The panel wrote that the Commission "is not a national gambling regulator" and that "[n]o one suggested it was until over a decade after the law was passed." Op. 38. The Special Rule's sponsor described sports event contracts by name in the Senate debate on the Act and said the Commission "needs the power to, and should, prevent" them. 156 Cong. Rec. S5906–07 (daily ed. July 15, 2010). The petition does not cite the debate. Brief Part IV.4.

6. **The market participant.** The panel decided the equities on the exchange's conduct. Op. 45–46. The brief supplies the perspective of the person on the other side of the account, who made none of the choices the panel weighed. Brief Part V.

**C. The matters asserted are relevant to the disposition.** Each argument goes to a stated ground of the panel's holding, Op. 47, or to the equities on which the holding also rests, Op. 46. The panel wrote that the equities "turn[] on our resolution of the likelihood of success." Op. 46. If the brief's arguments are accepted, the disposition changes.

## III. POSITIONS OF THE PARTIES

The motion is unopposed. Counsel for Appellant KalshiEX, LLC consents. Counsel for the State Defendants-Appellees consents. Counsel for Intervenor-Defendant-Appellee Nevada Resort Association takes no position. The appellants in the consolidated appeals, North American Derivatives Exchange, Inc. (No. 25-7187) and Robinhood Derivatives, LLC (No. 25-7831), did not petition for rehearing; Movant asked their counsel for their positions by email on September 17, 2026, and had not received a response as of filing.

## IV. COMPLIANCE WITH THE RULES

The petition was filed September 9, 2026; this motion and the proposed brief are served and filed within 10 days of that date. Cir. R. 29-2(e)(1); Fed. R. App. P. 26(a)(1). The proposed brief contains fewer than 4,200 words, exclusive of the items exempted by Fed. R. App. P. 32(f), and carries a Form 8 certificate. Cir. R. 29-2(c)(2). Its cover identifies the party supported and states that it supports reversal. Fed. R. App. P. 29(a)(4); Cir. R. 29-2(c)(1). A Form 34 Disclosure Statement is filed with this motion as a separate document. Cir. R. 26.1-1; Cir. R. 29-2(c)(4). Movant is an individual with no parent corporation, no stock, and no affiliation with any party or party's counsel; nothing in his identity or the proposed brief presents the recusal concern addressed in the Advisory Committee Note to Cir. R. 29-2. This motion contains 1,357 words, excluding the items exempted by Fed. R. App. P. 32(f). Fed. R. App. P. 27(d)(2)(A).

## CONCLUSION

The Court should grant leave and direct that the accompanying brief of amicus curiae be filed.

Dated: September 17, 2026

Respectfully submitted,

s/ Colin Skow
Colin Skow
*Pro Se*
2629 Gallarate Dr.
Henderson, NV 89044
(909) 265-4681
colinskow@gmail.com

## CERTIFICATE OF SERVICE

I certify that on September 17, 2026, I served the foregoing Motion for Leave to File Brief as Amicus Curiae, the accompanying Brief of Amicus Curiae, and the Form 34 Disclosure Statement on counsel of record for every party in Nos. 25-7516, 25-7187, and 25-7831, as follows:

**Plaintiff-Appellant KalshiEX, LLC** — by email, with written consent (Fed. R. App. P. 25(c)(2)(B); email of William E. Havemann, Milbank LLP, September 17, 2026), to: Neal Kumar Katyal, nkatyal@milbank.com; William E. Havemann, whavemann@milbank.com; Joshua B. Sterling, jsterling@milbank.com; Samantha K. Ilagan, silagan@milbank.com; Colleen E. Roh Sinzdak, crohsinzdak@milbank.com; Natasha R. Khan, nkhan@milbank.com; Grant R. Mainland, gmainland@milbank.com; Andrew L. Porter, aporter@milbank.com; Davis B. Campbell, dcampbell@milbank.com, Milbank LLP; Dennis L. Kennedy, dkennedy@baileykennedy.com; Paul C. Williams, pwilliams@baileykennedy.com, Bailey Kennedy, LLP.

**Defendants-Appellees George Assad, et al. (the State Defendants)** (Nos. 25-7516, 25-7187, 25-7831) — by email, with written consent (Fed. R. App. P. 25(c)(2)(B); email of Minh Nguyen-

Dang, Mayer Brown LLP, September 15, 2026), to: Nicole A. Saharsky, nsaharsky@mayerbrown.com; Minh Nguyen-Dang, mnguyen-dang@mayerbrown.com; Rory K. Schneider, rschneider@mayerbrown.com, Mayer Brown LLP; Abigail L. Pace, apace@ag.nv.gov; Jessica E. Whelan, jwhelan@ag.nv.gov, Office of the Nevada Attorney General.

**Intervenor-Defendant-Appellee Nevada Resort Association** — by email, with written consent (Fed. R. App. P. 25(c)(2)(B); email of Adam Hosmer-Henner, McDonald Carano LLP, September 16, 2026), to: Adam Hosmer-Henner, ahosmerhenner@mcdonaldcarano.com; Jane Susskind, jsusskind@mcdonaldcarano.com, McDonald Carano LLP.

**Plaintiff-Appellant North American Derivatives Exchange, Inc. (No. 25-7187)** — by first-class United States mail, postage prepaid, to: Shay Dvoretzky, Skadden, Arps, Slate, Meagher & Flom LLP, 1440 New York Avenue, N.W., Washington, DC 20005-2111, with a courtesy copy the same day by email to shay.dvoretzky@skadden.com.

**Plaintiff-Appellant Robinhood Derivatives, LLC (No. 25-7831)** — by first-class United States mail, postage prepaid, to: Kevin J. Orsini, Cravath, Swaine & Moore LLP, 375 Ninth Avenue, New York,

NY 10001, with a courtesy copy the same day by email to korsini@cravath.com.

s/ Colin Skow
Colin Skow