Milbank
WILL HAVEMANN
*Partner*
1101 New York Ave., N.W. | Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com | milbank.com

September 25, 2026

**By Electronic Filing**

Molly Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

**Re: *KalshiEX LLC v. Assad*, No. 25-7516**
**Notice**

Dear Ms. Dwyer:

Kalshi writes to advise the Court of a development relevant to its petition for rehearing or rehearing en banc in this appeal.

The Commodity Futures Trading Commission (CFTC) recently announced that it "expects that its revised version of 17 C.F.R. § 40.11 will become final within the next two months." Fed. Pls.' Resp. to Defs.-Appellants' Mot. for Summ. Disposition at 2, *CFTC v. Johnson*, No. 26-4281 (9th Cir. Sep. 24, 2026), Dkt. No. 29.1. The panel's decision to affirm denial of a preliminary injunction in this appeal rested in part on its conclusion that the current Rule 40.11 categorically prohibits designated contract markets from offering sports-event contracts. Dkt. No. 201.1 at 34-37; *see also id.* at 50 (Lee, J., concurring) (acknowledging a "thorny statutory interpretation question" that "I do not think we need to resolve" "right now because 17 C.F.R. § 40.11 bars gaming contracts" and, "[w]hile CFTC has proposed revising that regulation, it remains in the books and controls the outcome of this appeal"). Kalshi respectfully disagrees that the current regulation categorically bars gaming contracts, but, in any event, the proposed new regulation would not impose a categorical bar, and instead would authorize designated contract markets to list many of the event contracts Nevada in this case seeks to prohibit. Prediction Markets; Public Interest Determinations, 91 Fed. Reg. 35,806, 35,859-71 (June 12, 2026).

The CFTC's imminent promulgation of a regulation that would negate one of the panel's principal grounds for ruling against Kalshi counsels in favor of rehearing this case en banc. If the en banc Court is not inclined to grant review immediately, Kalshi respectfully requests that the Court hold this rehearing petition pending the CFTC's promulgation of its new regulation, so that the en banc court can decide whether review is warranted with the benefit of the regulation. This Court's last word on this important issue should not rest on a regulation that will be replaced before the end of the year.

Respectfully submitted,

*/s/ William E. Havemann*
William E. Havemann

*Counsel for Appellant KalshiEX LLC*

cc: All Counsel (via ECF)
Word Count: 323