MAYER | BROWN

Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
United States of America

T: +1 202 263 3000
F: +1 202 263 3300
mayerbrown.com

**Nicole A. Saharsky**
T: +1 202 263 3052
F: +1 202 830 0326
NSaharsky@mayerbrown.com

VIA CM/ECF

October 1, 2026

Molly Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: *KalshiEX, LLC v. Assad*, 9th Cir. No. 25-7516
Decision issued August 28, 2026—Judges R. Nelson, Bade, and Lee

Dear Ms. Dwyer:

I write in response to Kalshi's letter dated September 25, 2026, which contends that because the CFTC has stated that it intends to revise 17 C.F.R. § 40.11 "within the next two months," the Court should grant Kalshi's petition for rehearing *en banc* or hold the petition until the CFTC publishes its revised rule. Neither is warranted.

To start, the CFTC's intent is nothing new. This Court was well aware that the CFTC planned to revise Section 40.11 when it issued its decision. Op. 35-36. The CFTC's statement does no more than indicate when that revision might take place.

Further, revising Section 40.11 would not change the outcome here. The Court held that sports event contracts are not "swaps" based on the text, context, and purposes of the Commodity Exchange Act (CEA). Op. 17-33, 37-41. The Court cited section 40.11(a) only as one basis for rejecting one of Kalshi's arguments. Kalshi argued that the Special Rule, 7 U.S.C. § 7a-2(c)(5)(C), shows Congress intended for the CFTC to regulate sports events contracts; the Court rejected that argument for several reasons, including that Section 40.11 prohibits those contracts. *Id.* at 33-37. A revision to the regulation, even if it survives judicial challenge, would not disturb the Court's other reasons for rejecting Kalshi's Special-Rule argument, or the Court's more general holding that the CEA contains no "clear congressional authorization" for the CFTC to regulate sports betting. *Id.* at 38.

Fundamentally, Kalshi's argument is just another attempt at delay, so that Kalshi can continue its unlawful operations for as long as possible. Yet the vast majority of courts have rejected Kalshi's arguments, including the Sixth Circuit, which last Friday rejected Kalshi's extreme positions. *See KalshiEX LLC v. Schuler*, 2026 WL 2884087 (6th Cir. Sep. 25, 2026) (CEA likely does not preempt state gaming law); *see also Blue Lake Rancheria v. Kalshi, Inc.*, 2026 WL 2728466 (9th Cir. Sep. 16, 2026)

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

(CEA likely does not authorize sports betting on tribal lands). This weight of authority confirms that the Court's decision is correct and that there is no reason to wait to deny Kalshi's petition.

Respectfully submitted,

s/ *Nicole A. Saharsky*
Nicole A. Saharsky

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ *Nicole A. Saharsky*
Nicole A. Saharsky