Milbank
**WILL HAVEMANN**
*Partner*
1101 New York Ave., N.W. | Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com | milbank.com

October 12, 2026

**By Electronic Filing**

Molly Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

**Re:** ***KalshiEX LLC v. Assad*, No. 25-7516**
**FRAP 28(j) Letter**

Dear Ms. Dwyer:

Kalshi respectfully notifies the Court of two significant developments that support its pending rehearing petition. The CEA "'expressly delegate[s]' to [the CFTC] the authority to give meaning to" specified "statutory term[s]," *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394-395 (2024) (citation omitted), including the term "swap," 15 U.S.C. § 8302(d)(1). The CFTC is now exercising that authority in two key ways.

*First*, the CFTC on October 9, 2026 issued an Interim Final Rule ("IFR") excluding from the "swap" definition contracts "regulated as gaming or gambling under applicable State or Tribal law" and "not traded on a board of trade" or other "organized exchange." *Further Definition of "Swap" to Exclude Casino-Style Gambling Products* at 40, https://perma.cc/8K55-4PXS. The IFR—which is "effective immediately," *id.* at 32—rejects the "erroneous premise that if event contracts are swaps, then casino-style gambling products must also be swaps" subject to CFTC jurisdiction, *id*. at 9.

*Second*, the CFTC published a Notice of Proposed Rulemaking ("NPRM") defining "swap" to cover "event contracts, including those based on sports-[related] … events." *Further Definition of "Swap" – Inclusions* at 33, https://perma.cc/P76K-RJ58. The NPRM explains that the statutory "swap" definition already encompasses sports-event contracts, but that the proposed regulation "provides an independent legal basis to deem these contracts as swaps," *id.* at 13, and

avoids "uncertainty about whether particular underlying sports … events have potential financial consequences," *id.* at 22-23.

These developments strongly support rehearing en banc or, at minimum, panel rehearing. The NPRM undermines the panel's holding that sports-event contracts are not swaps, Dkt. No. 201.1 at 41, and the IFR undermines the panel's concern that treating sports-event contracts as swaps would render any "off-DCM sports bet" a CEA violation, *id.* at 29-30. If the Court has doubts about the appropriateness of rehearing, Kalshi respectfully requests that the Court wait to decide the petition until the proposed rule (along with the CFTC's proposed revision of Rule 40.11, *see* Dkt. No. 224.1) is finalized. Given the important issues presented, this Court should render a durable ruling that accounts for regulatory developments rather than one that will be superseded and relitigated almost immediately.

Respectfully submitted,

*/s/ William E. Havemann*
William E. Havemann

*Counsel for Appellant KalshiEX LLC*

cc: All Counsel (via ACMS)
Word Count: 350